THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* BILLY JENKINS, Defendant-Appellant.

First District (3rd Division)   No. 62935

Opinion filed November 4, 1976.

James Geis, of State Appellate Defender's Office, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon, Joan S. Cherry, and Neil H. Cohen, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE DEMPSEY delivered the opinion of the court:

Billy Jenkins was indicted for shooting William Johnson. A jury found him guilty of attempt murder and he was sentenced to the penitentiary for a term of four to six years. His principal contention on review is that reversible error was committed in instructing the jury. The jury also convicted him on two charges of aggravated battery and subordinate contentions concern the sentences imposed upon him for these offenses. The charges arose from the shooting of Johnson, and the State concedes that the aggravated battery convictions and sentences must be reversed.

Johnson was shot after he attempted to break up a fight between his sister and Jenkins' sister on a street on Chicago's south side. The central issue at the trial was whether Jenkins shot Johnson in self-defense. Jenkins contended that Johnson reached into his waistband to pull out a pistol. Johnson denied having a gun on his person and testified that Jenkins and a man named Milton Mastin attacked him after he walked away from the two quarreling women. For further details see *People v. Mastin* (1976), 41 Ill. App. 3d 812, 354 N.E.2d 540.

The court instructed the jury that Jenkins was presumed to be innocent and that the State had the burden of proving him guilty beyond a reasonable doubt. The jurors were also told that the law applicable to the case was contained in the instructions, that it was their duty to follow all of them and that they should not single out certain ones and disregard others. The controversial instructions followed in this sequence:

  \* "A person commits the crime of murder who kills an individual if in performing the act which caused the death he intended to kill or to create great bodily harm to that individual or he knows that such act will cause death to that individual or he knows that such act creates a strong probability of death or great bodily harm to that individual.

A person commits the crime of attempt who with intent to commit the crime of murder does any act which constitutes a substantial step towards the commission of the crime of murder.

The crime attempted need not have been committed, to sustain the charge of attempt the State must prove the following propositions: first that the defendant performed an act which constituted a substantial step towards the commission of the crime of murder and second that the defendant did so with intent to commit the crime of murder.

If you ladies and gentlemen find from your consideration of all of the evidence that each of these propositions has been proved beyond a reasonable doubt, then you should find the defendant guilty. And if, on the other hand, if you find from your consideration of all of the evidence that any of these propositions have not been proved beyond a reasonable doubt, you should find the defendant not guilty."

  \*\* "A person is justified in the use of force when and to the extent that he reasonably believed that such conduct is necessary to defend himself against the imminent use of unlawful force.

However, a person is justified in the use of force—which is intended or likely to cause death or great bodily harm only if he reasonably believed that such force is necessary to prevent imminent death or great bodily harm to himself.

To prove the charge of attempted murder, the State must prove the following: proposition first, that the defendant performed an act which constitutes a substantial step towards actually committing the crime of murder and second, that the defendant did so with intent to commit the crime of murder. And third, that the defendant was not justified in using the force which he used.

Again, if you find, from your consideration of all of the evidence

that each of these propositions has been proved beyond a reasonable doubt, then you should find the defendant guilty.

And if, on the other hand, you find, from your consideration of all of the evidence, any of these propositions has not been proved beyond a reasonable doubt, then you should find the defendant not guilty."

The instruction with one asterisk was submitted by the State; the instruction with two by the defendant. The difference between the two, which is of chief concern here, is that the State's does not mention the defense of justifiable use of force and the defendant's emphasizes it. The defendant argues that the absence of the defense in the State's instruction was reversible error.

■■ Only a single instruction on the subject should have been given to the jury. Either the State's instruction should have included the defense of justifiable use of force, or the defendant's (with a definition of the crime of attempted murder included) should have been given in lieu of the State's. However, the defendant did not object to the omission of the defense in the State's instruction and offered his own instruction in addition to the State's. Ordinarily, a defendant who does not object in the trial court to proposed instructions waives his objections. The question before us, therefore, is whether the interests of justice require us to overlook the defendant's failure to object. Rule 451(c) provides that "substantial defects [in instructions] are not waived by failure to make timely objections thereto if the interests of justice require." Ill. Rev. Stat. 1973, ch. 110A, par. 451(c).

Conflicting instructions may constitute reversible error. This is especially true if the instructions are on an essential element of an offense. Such instructions are irreconcilable; an instruction misstating the law cannot be remedied by one that states it correctly. On the other hand, an instruction which inadequately states the law may be compensated by another one which supplies the deficiency. This distinction was recognized in *People v. Miller* (1949), 403 Ill. 561, 87 N.E.2d 649. In *Miller* the defendant was tried for murder and her defense was self-defense. An instruction submitted by the State incorrectly informed the jury that in order to return a verdict of not guilty it was required to find that the defendant's life was actually in danger; an instruction submitted by the defendant correctly informed the jury that the test was whether the defendant, acting as a reasonable person, believed that her life was in danger or that she was in danger of receiving great bodily harm. The reviewing court held that the prejudice to the defendant caused by the misstatement of law was not cured by the later instruction correctly informing the jury of the reasonable-man test. But this position was qualified by another pronouncement which is pertinent to the case at bar:

"When the language of an instruction is inaccurate, and, standing alone, might have misled the jury, the others in the series may explain it, remove the error or render it harmless."

■■ The instructions in the present case were not in direct conflict with each other. The State's instruction was an incomplete statement of the law, not an incorrect one. The defendant's instruction supplemented the State's, it did not contradict it. The jury was directed to consider both. The defendant's instruction made the omission in the State's instruction relatively harmless. While the omission was error, it was not prejudicial error. We believe that under these circumstances the omission was not such a substantial defect that the invocation of Rule 451(c) is required. Contra, *People v. Wright* (1974), 24 Ill. App. 3d 536, 321 N.E.2d 52.

This conclusion is consistent with our holding in *People v. Robinson* (1974), 21 Ill. App. 3d 343, 315 N.E.2d 95. In *Robinson,* a self-defense case, the trial judge read one set of instructions (tendered by the State) that did not mention the defense of self-defense, but which were otherwise correct; then read another (tendered by the defendant) correctly informing the jury of this defense. The defendant did not object to the State's instructions in the trial court. We held that there was no substantial defect in the instructions which in the interest of justice would prevent the operation of waiver of objection under Rule 451.

The convictions and sentences for aggravated battery are reversed. The conviction and sentence for attempt murder are affirmed.

Reversed in part and affirmed in part.

MEJDA, P. J., and McGLOON, J., concur.