(No. 49129.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. BILLY JENKINS, Appellant.

*Opinion filed November 30, 1977.*

Ralph Ruebner, Deputy Defender, of the Office of the State Appellate Defender, of Chicago (James Geis, of counsel), for appellant.

William J. Scott, Attorney General, of Springfield, and Bernard Carey, State's Attorney, of Chicago (Donald B. Mackay and Raymond J. McKoski, Assistant Attorneys General, of Chicago, and Laurence J. Bolon and Myra J. Brown, Assistant State's Attorneys, of counsel), for the People.

MR. JUSTICE DOOLEY delivered the opinion of the court:

Defendant, Billy Jenkins, was found guilty of attempted murder after a jury trial in the circuit court of Cook County. He was sentenced to the penitentiary for a term of four to six years. That conviction was affirmed by the appellate court. (43 Ill. App. 3d 831.) We granted defendant's petition for leave to appeal under our Rule 315 (58 Ill. 2d R. 315). Defendant's conviction on two counts of aggravated battery was reversed by the appellate court and is not at issue here.

The question we decide is whether it was prejudicial error to give two issue instructions to the jury, each in direct conflict with the other, notwithstanding that one of these instructions was proper and that there was a failure to object to the improper instruction.

The central factual issue at the trial was whether the defendant was justified in using what force he did.

The following instructions were given, one at the request of the People and one at the request of defendant:

"A person commits the crime of murder who kills an individual if in performing the act which caused the death he intended to kill or to create great bodily harm to that individual or he knows that such act will cause death to that individual or he knows that such act creates a strong probability of death or great bodily harm to that individual.

A person commits the crime of attempt who with intent to commit the crime of murder does any act which constitutes a substantial step towards the commission of the crime of murder.

The crime attempted need not have been committed, to sustain the charge of attempt the State must prove the following propositions: first that the defendant performed an act which constituted a substantial step towards the commission of the crime of murder and second that the defendant did so with intent to commit the crime of murder.

If you ladies and gentlemen find from your consideration of all of the evidence that each of these propositions has been proved beyond a reasonable doubt, then you should find the defendant guilty. And if, on the other hand, if you find from your consideration of all of the evidence that any of these propositions have not been proved beyond a reasonable doubt, you should find the defendant not guilty." (People's instruction.)

"A person is justified in the use of force when and to the extent that he reasonably believed that such conduct is necessary to defend himself against the imminent use of unlawful force.

However, a person is justified in the use of force—which is intended or likely to cause death or great bodily harm only if he reasonably believed that such force is necessary to prevent imminent death or great bodily harm to himself.

To prove the charge of attempted murder, the State must prove the following: proposition first, that the defendant performed an act which constitutes a substantial step towards actually committing the crime of murder and second, that the defendant did so with intent to

commit the crime of murder. And third, that the defendant was not justified in using the force which he used.

Again, if you find, from your consideration of all of the evidence that each of these propositions has been proved beyond a reasonable doubt, then you should find the defendant guilty.

And if, on the other hand, you find, from your consideration of all of the evidence, any of these propositions has not been proved beyond a reasonable doubt, then you should find the defendant not guilty." (Defendant's instruction.)

The instruction given at the request of the People mandated that the jury find against the defendant on the attempted murder count if the defendant performed an act which constituted a substantial step towards the commission of the crime of murder, and did so with the intent to commit that particular crime. Absent was any reference to an essential element of the case, namely, that defendant must not have been justified in using the force employed, although such was an issue.

The instruction submitted by defendant is admittedly the proper one. It directs that the jury find against the defendant only if the three correct elements are present.

Defendant's counsel did not object to the People's instruction. He proposed, and then withdrew, the identical issue instruction (Illinois Pattern Jury Instruction (IPI), Criminal, No. 6.07 (1968)). However, he submitted the issue instruction for the justifiable use of force element (IPI Criminal No. 25.05). The State objected. The trial court overruled that objection, and both instructions were given.

Defendant urges that the two sets of mandatory instructions were conflicting and constituted so substantial an error as to justify finding that the failure to object to the People's erroneous instruction was not a waiver. We agree. Our Rule 451(c) (58 Ill. 2d R. 451(c)) relaxes the

waiver doctrine whenever there are such substantial defects rising to the level of plain error. That rule applies here and requires a reversal in the interest of justice.

Where there are such grave errors in instructions so as to affect that very important consideration, justice, Rule 451(c) provides for a relaxation of the proposition that a party may not assert error if he has caused or permitted an erroneous instruction to be given to the jury. (See *People v. Riley* (1964), 31 Ill. 2d 490, 496.) Here the jury was given two instructions defining the elements requisite for a finding of guilty. Each instruction was self-contained. Each differed from the other so as to be inconsistent and contradictory.

In our judge-and-jury system it is the duty of the court to inform the jury as to the law. We must assume that jurors do not fall short of their constitutional functions and follow the instructions of the trial judge. This assumption is part and parcel of our system. As Mr. Justice Holmes long ago observed: "But it must be assumed that the constitutional tribunal does its duty ***." *Aikens v. Wisconsin* (1904), 195 U.S. 194, 206, 49 L. Ed. 154, 160, 25 S. Ct. 3, 6.

But where the instructions are contradictory, the jury cannot perform its constitutional function. This inability is the fault of the court, whose duty it is to give the jury proper guidance, not to generate confusion, as was the case here. It is well established that the giving of contradictory instructions on an essential element in the case is prejudicial error, and is not cured by the fact that another instruction is correct. While it is true that an instruction may be inaccurate, and other instructions may remove this error, such cannot be so when the instructions are in direct conflict with one another, one stating the law correctly and the other erroneously. This is particularly true where the instruction defines the issues in the case or is mandatory in character. *People v. Miller* (1949), 403 Ill.

561, 567; *People v. Wright* (1974), 24 Ill. App. 3d 536, 541; 35 Ill. L. & Prac. *Trial* sec. 274 (1958); see also *Mills v. United States* (1897), 164 U.S. 644, 649, 41 L. Ed. 584, 585, 17 S. Ct. 210, 211; *United States v. Donnelly* (7th Cir. 1950), 179 F.2d 227, 233.

Where the instructions are contradictory the jury is put in the position of having to select the proper instruction—a function exclusively that of the court. As far as can be known, defendant might well have been convicted on the basis of the erroneous instruction. Certainly, a person should not stand to lose his liberty because a jury has received equivocal instructions. *Bollenbach v. United States* (1946), 326 U.S. 607, 613, 90 L. Ed. 350, 355, 66 S. Ct. 402, 405.

Is the error such which we may consider absent objection? In view of the matters we have discussed, we are of the opinion that where there are two separate issue instructions, one proper and the other erroneous, each inconsistent with the other, our Rule 451(c) is applicable.

The judgment of the appellate court is reversed and the cause remanded to the circuit court of Cook County for a new trial to proceed in a manner not inconsistent with the views expressed herein.

*Reversed and remanded.*