THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
MARY A. SUNQUIST, Defendant-Appellant.

Third District   No. 76-347

Opinion filed December 21, 1977.

STOUDER, J., specially concurring.

Robert Agostinelli, of State Appellate Defender's Office, of Ottawa, and David Mejia, of State Appellate Defender's Office, of Chicago, for appellant.

William K. O'Connor, State's Attorney, of Cambridge, for the People.

Mr. JUSTICE BARRY delivered the opinion of the court:

The defendant, Mary A. Sunquist, was charged by information with the murder of her husband, John Dean Sunquist, on January 29, 1976. Following a jury trial before the Circuit Court of Henry County, defendant was found guilty of murder for which she was sentenced to a period of imprisonment of from 14 to 20 years to the Department of Corrections. On appeal, defendant urges that her conviction for the offense of murder be reversed or be reversed and remanded or alternatively that her murder conviction be reduced to a conviction of voluntary manslaughter.

Four issues are presented for review:

1. Whether the court erred in excluding testimony of prior beatings of the defendant because this evidence is probative of defendant's state of mind and thus relevant to her claim of self-defense.

2. Whether the murder instruction failed to inform the jury that the State was required to prove that the defendant's act was not justified.

3. Whether it was error to instruct the jury that the State was not required to prove defendant's motive for acting.

4. Whether the evidence is insufficient to support the murder conviction because the State failed to prove that the defendant did not act in self-defense.

The defendant readily concedes that she shot John Dean Sunquist on January 29, 1976, in their Kewanee, Illinois, home. The Sunquists had been married for four months and the defendant was in the process of obtaining a divorce. There were no eyewitnesses to the shooting, but Patsy Hewitt, a mutual friend of the Sunquists testified that she had a telephone conversation with the defendant on the morning of the occurrence and stated she heard the deceased calling the defendant names. The defendant testified that she and her husband had argued all morning and that there had been some bitter feelings between them over their pending divorce. She stated that following some argument about the divorce she went into the bedroom to dress and prepare to leave the house. As she left the bedroom she picked up the gun that was there on the dresser. She claimed that she took the gun only to show it to her husband if he attempted to strike her. As she re-entered the kitchen where the deceased sat at the table, she told him she was going out for a while. She reported that the deceased then said "you lying bitch" and leaped at

her at which point she admitted shooting him. The evidence indicated there were four .25-caliber bullet wounds in the deceased's body. The defendant's theory of defense was that she acted in self-defense.

■■ The first claim of error is that the trial court erred in excluding testimony of prior beatings of defendant by prior husbands. There was no indication that John Dean Sunquist had ever struck the defendant and in fact she admitted that he had only threatened her and during arguments called her names. The defendant asserts that the evidence of defendant being beaten by her husbands in prior marriages was probative of her state of mind at the time of the shooting and therefore relevant to a claim of self-defense. The offered evidence is not probative of the fact that defendant would be more likely to be beaten by this husband also. There was also a lack of evidence that the deceased had a reputation for violence. The court excluded the offered evidence for the reasons of irrelevancy and remoteness. We agree. The beatings by prior husbands were very remote in time from the day that defendant shot John Dean Sunquist. The evidence of the prior beatings was irrelevant to the present case. The defendant cites *People v. Williams* (1st Dist. 1977), 45 Ill. App. 3d 338, 359 N.E.2d 736, and *Davids v. People* (1901), 192 Ill. 176, 61 N.E. 537, for support of her claim that the evidence of prior beatings was relevant. *Davids* is clearly distinguishable, and we choose not to follow *Williams* in its reference to defendant's state of mind because the evidence of other crimes in *Williams* was not nearly as remote in time as is the evidence in the instant case. The case of *People v. Johnson* (1st Dist. 1969), 108 Ill. App. 2d 150, 247 N.E.2d 10, is also distinguishable because the victim was shown to have a reputation for violence and the defendant there was shown to have knowledge of the reputation. Where, as here, the deceased victim did not have a reputation for violence or did not in fact display any violence toward the defendant, the physical attacks upon the defendant by former husbands can have little relevancy. It was the defendant's own admission that her husband had not been guilty of acts of violence toward her. We, therefore, cannot say that the trial court abused its discretion in excluding the evidence of beatings by other husbands as relevant or pertinent to the issue in the trial of defendant. To the extent that some of the language in *Williams* is inconsistent with this conclusion, we decline to follow or extend *Williams* by mandating admission of evidence of beatings by former husbands. We reach this conclusion not only for the reason that *Williams* is distinguishable, but, also, that to do otherwise might give support to a contention that any prior experience, however remote or inapplicable to the facts under consideration, could be recited as a basis of justification for murder.

Defendant also contends that the evidence was insufficient to support her murder conviction. Defendant's evidence of self-defense consisted

almost entirely of her own self-serving testimony. However, the pathologist's testimony, both on direct and cross-examination, was inconclusive as to the trajectory of the bullets. It appears the same trajectory would result whether the victim was in a sitting position or was lunging or leaping toward the defendant as she shot. Her reliance on *People v. Liddell* (1975), 32 Ill. App. 3d 828, 336 N.E.2d 815, is misplaced. There sufficient independent evidence of self-defense was found by the majority of the court to support the defendant's self-servicing extrajudicial exculpatory statement.

■■ The defendant cites *People v. Brown* (1st Dist. 1974), 19 Ill. App. 3d 757, 312 N.E.2d 789, for authority to reduce her conviction of murder to voluntary manslaughter, because she thought she was reasonably justified in the use of force likely to cause death, and her belief was unreasonable. The reviewing court's power to reduce the crime of murder to manslaughter pursuant to Supreme Court rule 615(b)(3) (Ill. Rev. Stat. 1975, ch. 110A, par. 615(b)(3)) should be cautiously exercised. (*People v. Starnes* (2d Dist. 1972), 8 Ill. App. 3d 709, 289 N.E.2d 264.) We do not believe these facts suggest we should substitute our judgment for that of the trier of facts here and exercise our power pursuant to Supreme Court Rule 615(b)(3).

■■ The determinative issue of this case is whether the murder instruction tendered by the prosecution and given to the jury over defendant's objection was reversible error. The prosecution tendered Illinois Pattern Jury Instruction, Criminal, No. 7.02, which instruction omits the State's burden of proof with regard to defendant's claim of self-defense. IPI Criminal No. 7.02 is an instruction on the issues the State has the burden of proving and was not intended for cases where the affirmative defense of self-defense has been properly raised. IPI Criminal No. 25.05 is the substitute issue instruction where the defense of justifiable use of force has been raised. This instruction adds to the other two issues of IPI Criminal No. 7.02 the issue of whether defendant was not justified in using the force which he used and places the burden upon the State to prove beyond a reasonable doubt the lack of self-defense. It is significant that while the defendant objected to IPI Criminal No. 7.02, she did not tender IPI Criminal No. 25.05. The State argues that a defendant who maintains that a particular jury instruction should be given has the affirmative obligation to prepare and tender it to the court and request the court to give it. (*People v. Underhill* (1967), 38 Ill. 2d 245, 230 N.E.2d 837.) However, in *People v. Wright* (1st Dist. 1975), 32 Ill. App. 3d 736, 336 N.E.2d 18, the court observed that the failure to object or tender the proper jury instruction (IPI Criminal No. 25.05) is usually a waiver for purposes of appeal but that the failure to give IPI Criminal No. 25.05 there amounted to reversible error. Consistent with that case we believe

the issue of whether IPI Criminal No. 25.05 should have been given should not be considered waived by the defendant's failure to tender the instruction to the court.

■■ The controlling inquiry is whether the issue of justifiable use of deadly force in self-defense was properly presented at the trial in the instant case. The State argues that the only indication of a theory of self-defense came from the defendant's own self-serving testimony. To the contrary there is an indication from the cross-examination of the pathologist that the downward trajectory of the bullets could have been caused by the position of the deceased's body as opposed to the standing position of the defendant only, when she fired the gun. On cross-examination the record reflects the following:

"Q. When you talked about the bullet going in in a downward direction, actually that could be caused by one of two variables. One variable would be the position of the firing mechanism and another variable would be the position of the body. Isn't that correct?

A. Yes.

Q. If a person were upright and a bullet had a downward trajectory, this would have to be caused by a gun at a higher elevation. On the other hand, if a person were bent over it would have a downward trajectory as far as the body is concerned but not downward towards the ground.

A. Yes."

This evidence substantiates defendant's testimony that her husband "leaped at her" and, added to her own testimony, is sufficient to raise the affirmative defense of self-defense by presenting some evidence thereon. (Ill. Rev. Stat. 1975, ch. 38, par. 3—2.) The State relies on the case of *People v. Bratcher* (1976), 63 Ill. 2d 534, 349 N.E.2d 31, which we believe is not controlling. In *Bratcher* there was insufficient evidence of self-defense to cause the State to assume the burden of proof beyond a reasonable doubt of lack of self-defense. On the other hand, the case law generally supports the proposition that even slight evidence of self-defense, such as was presented here, will justify giving an instruction in that regard. The case of *People v. Liddell* (1975), 32 Ill. App. 3d 828, 336 N.E.2d 815, is factually similar to the present case, except that in *Liddell* this court concluded that the State failed to rebut the evidence of self-defense beyond a reasonable doubt. There this court found that defendant's self-serving exculpatory statement given to the police shortly after he was arrested was sufficient to raise an issue of self-defense in the circumstances of that case. Here we also believe defendant Sunquist's testimony, although self-serving, was sufficient to raise an issue of self-defense when viewed along with other evidence presented.

Having concluded that the affirmative defense of self-defense was raised, we next must consider whether the trial court erred in giving IPI Criminal No. 7.02 jury instruction over objection and in failing to give IPI Criminal No. 25.05. Deciding as we do, it was incumbent upon the State to prove beyond a reasonable doubt that Mary Sunquist's act of shooting her husband was not done in justifiable self-defense. (*People v. Williams* (1974), 57 Ill. 2d 239, 311 N.E.2d 681.) Therefore, because the jury found the defendant guilty of murder without being properly instructed that the State was required to prove beyond a reasonable doubt that the defendant's act was not justifiable self-defense, the judgment must be reversed and this cause remanded for a new trial.

In the case of *People v. Wright* (3d Dist. 1974), 24 Ill. App. 3d 536, 321 N.E.2d 52, we held that it was reversible error for the court to give two issues instructions, namely, IPI Criminal Nos. 7.02 and 25.05 in a factually similar context. Although one IPI Criminal No. 7.02 was given in the case at bar, the instruction incorrectly instructed the jury on the law of the case. The failure to instruct the jury with a proper issue instruction when the affirmative defense of justifiable use of deadly force is raised has been held to be reversible error. *People v. Wright* (1st Dist. 1975), 32 Ill. App. 3d 736, 336 N.E.2d 18.

In *People v. Singleton* (3d Dist. 1976), 41 Ill. App. 3d 665, 354 N.E.2d 464, we recently held that it was error for the trial court to omit an instruction that the State had the burden of proving beyond a reasonable doubt that the killing there was without legal justification where an issue of self-defense was raised. Although *Singleton* involved manslaughter as opposed to murder, the logic behind the requirement that the jury be properly instructed on the law of self-defense is applicable to this case. We believe the murder issues instruction tendered by the court over objection was in error and highly prejudicial to the defendant.

■■ Because this case must be remanded for a new trial, we believe comment is also necessary on another issue raised by the defendant in this appeal. It is argued that it was error to instruct the jury through IPI Criminal No. 3.04 that the State was not required to prove defendant's motive for acting and at the same time allow the State to argue to the jury that Mary Sunquist had a motive, other than self-defense, for shooting her husband. In *People v. Enright* (1912), 256 Ill. 221, 99 N.E. 936, the supreme court held that if the State produces evidence tending to prove a motive and then the prosecutor argues the circumstances of the motive to the jury, the motive jury instruction should not be given. The prosecutor, here, attempted in closing argument to attribute anger to defendant and suggested her action was premeditated. He argued to the jury that letters written by defendant shortly after the shooting tell why defendant shot her husband. Although this has previously been held to not be reversible

error (see *People v. Manzella* (1974), 56 Ill. 2d 187, 306 N.E.2d 16; *People v. Burnett* (1st Dist. 1975), 35 Ill. App. 3d 109, 341 N.E.2d 86; *People v. Jackson* (1st Dist. 1974), 22 Ill. App. 3d 873, 318 N.E.2d 249), we call it to the trial court's attention because the case must be remanded for other reasons and the error, although harmless, should not be repeated upon retrial.

For the foregoing reasons the judgment of conviction entered against the defendant, Mary Sunquist, in the Circuit Court of Henry County, is reversed and the cause is remanded for a new trial consistent with the views expressed herein.

Reversed and remanded for a new trial.

ALLOY, P. J., concurs.

Mr. JUSTICE STOUDER, specially concurring:
I am entirely in accord with the result reached by the majority and join with my colleagues in holding a new trial is required on account of the instructional errors. I am also in accord with the majority on the other issues discussed in the opinion with the exception of the holding that the evidence of other beatings by prior husbands was inadmissible.

In my opinion the evidence of other beatings by prior husbands should have been admitted. *People v. Williams*, 45 Ill. App. 3d 338, 359 N.E.2d 736, and *Davids v. People*, 192 Ill. 176, 61 N.E. 537, cited by the majority, are persuasive authority for the admission of such evidence and I see no significant distinctions between the facts in those cases and the facts in the instant case. Where, as in this case, one of the issues is the reasonableness of the defendant's apprehension of death or serious bodily harm, the issue depends not only on the conduct of the victim but how such conduct is perceived by the defendant. Such perception is related to prior experience and although we may not always learn from our prior mistakes they do condition our behavior and affect our reactions. The evidence of other beatings was not remote in any time context and the majority has not concluded that such evidence did not or could not have affected the defendant's state of mind governing her reaction to the victim's conduct. I believe the evidence was both relevant and improperly excluded. The victim was probably aware of what had happened to the defendant during her earlier marriages and might well have taken advantage of this knowledge in deciding upon his own course of conduct.

I would note that because of the result and the reasons therefor which we have reached in this opinion, our decision on the admissibility of this evidence is dicta but proper in order to offer some guidance on a retrial.