THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
JULIO MARTINEZ, Defendant-Appellant.

First District (3rd Division)   No. 78-1242

Opinion filed September 12, 1979.

Ralph Ruebner and Gordon Berry, both of State Appellate Defender's Office, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Marcia B. Orr, Iris E. Sholder, and James L. Alexander, Assistant State's Attorneys, of counsel), for the People.

Mr. PRESIDING JUSTICE SIMON delivered the opinion of the court:

The defendant's conviction by a jury of attempt murder stemmed from a barroom fight during which the defendant stabbed Juan Soto in the abdomen. Though the cause of the brawl is disputed, that the

defendant pulled a steak knife from his pocket and stabbed Soto with it is not questioned.

At trial, the defendant claimed that he stabbed Soto to protect himself because Soto had already pulled a knife. The defendant contends on appeal that the trial court failed to apprise the jury that once this affirmative defense of self-defense had been raised, the State had the burden of disproving it. (Ill. Rev. Stat. 1977, ch. 38, pars. 3—2(b), 7—1, 7—14; *People v. Smith* (1978), 71 Ill. 2d 95, 374 N.E.2d 472; *People v. Ortiz* (1978), 65 Ill. App. 3d 525, 382 N.E.2d 303.) The instruction given was Illinois Pattern Jury Instructions, Criminal, No. 6.07 (1968) (hereinafter cited as IPI Criminal). The defendant contends that the instruction which should have been given in view of his claim of self-defense is IPI Criminal No. 25.05 which is identical with IPI Criminal No. 6.07, except that it also informs the jury that the State must prove that the "defendant was not justified in using the force which he used."

■■ The defendant maintains that the omission of such an instruction informing the jurors that the State had the burden of proving the defendant used more force than was justified for his own defense is reversible error. The recent cases of *People v. Jenkins* (1977), 69 Ill. 2d 61, 370 N.E.2d 532, and *People v. Pernell* (1979), 72 Ill. App. 3d 664, 391 N.E.2d 85, mandate favorable acceptance of the defendant's contention. These cases held that if the issue of self-defense is properly raised, it is incumbent upon the court to instruct the jury fully with respect to the State's burden of proof.

In *Jenkins*, the supreme court reversed a conviction for attempt murder because two contradictory instructions regarding the claim of self-defense were given. One instruction, submitted by the State, outlined the State's burden of proof, but omitted any reference to the issue of self-defense. The second, submitted by the defense, correctly advised the jurors that a conviction required proof by the State that the defendant was not justified in using force to defend himself. The court held that although the jury had received an instruction which by itself was proper, by combining that instruction with the State's incorrect one, the trial court confused the jury. The court reasoned that when instructions given to a jury fail to accomplish their purpose, by incorrectly or incompletely advising the jury as to the applicable law, "the jury cannot perform its constitutional function." *Jenkins*, 69 Ill. 2d 61, 66.

■■ Though the instant appeal does not raise the problem of conflicting instructions, the reasoning in *Jenkins* controls the issue the defendant raises in this appeal. In *Jenkins*, the error consisted of giving a proper instruction along with a faulty or incomplete one, thereby causing confusion in the jurors' minds. The error is more grievous here where the proper instruction was not given at all. The omission of any reference to

the State's burden of disproving the defendant's self-defense claim not only deprived the jury of an element essential in its resolution of the defendant's guilt, but also denied the defendant a fair trial.

In *Pernell*, IPI Criminal No. 7.02—an instruction for murder cases which corresponds to No. 6.07 for attempt murder—was given over the defendant's objection, but the defendant failed to request that IPI Criminal No. 25.05 be given instead, and the jury did not receive that instruction. Although in this case the defendant did not object to the instruction given (IPI Criminal No. 6.07), the rationale of the *Pernell* decision indicates the court erred. The court held in *Pernell* that it was error to fail to instruct the jury that the State had the burden of proving beyond a reasonable doubt that the defendant was not justified in using the force which he used.

■■ We reject the State's argument that any error was waived by the failure of defense counsel to either object to the given instruction or to offer a proper one in its place. Identical arguments were cast aside in both *Jenkins* and *Pernell*. In *Jenkins*, the defendant failed to object to the improper instruction, and in *Pernell*, the defendant failed to request the proper instruction. Since the defendant in this case admitted stabbing Soto, his sole chance for avoiding conviction rested upon his claim of self-defense. Because of its importance to the proper resolution of the case, the incomplete presentation of this issue to the jury cannot be excused by attributing it to a tactical error by counsel. As stated by this court in *Pernell* (72 Ill. App. 3d 664, 666), "While the failure to tender a particular instruction may constitute a waiver of any claim that the instruction should have been given, we believe the defendant's failure to tender IPI Criminal No. 25.05 [the omitted instruction in this case] is not as important with reference to fundamental fairness as the quintessential requirement that the jury be properly instructed when one stands to lose his liberty." Where self-defense is an issue, it is the judge's responsibility to make certain the jury is fully informed by giving IPI Criminal No. 25.05. (*Pernell.*) This obligation cannot be waived by defense counsel's failure to tender the appropriate instruction or object to the instruction given. To be consistent with *Jenkins* and *Pernell*, we apply Supreme Court Rule 451(c) which "relaxes the waiver doctrine whenever there are * * * substantial defects rising to the level of plain error." *Jenkins*, 69 Ill. 2d 61, 65-66.

The State also contends that even if one instruction was defective, the remaining instructions when viewed as a whole unit cured any error. The State points to the inclusion of IPI Criminal No. 24.06 and IPI Criminal No. 2.03 in the instructions which were given as proof of this proposition. This argument, however, is identical to one which was rejected in *Pernell* as lacking merit. Though IPI Criminal No. 24.06 does relate to self-defense, its net effect is merely to define self-defense. It fails to instruct

the jury that the State has the burden of proving the defendant was not justified in using the force he used. "[W]here self-defense is properly raised, the jury *must* be instructed that the State carries the burden of proof on the issue * * *." (*Pernell*, 72 Ill. App. 3d 664, 668.) Because the jury instructions failed to properly state where the burden of proof rested, the conviction must be reversed and this case must be remanded for retrial.

■■ Martinez also argues that certain improper testimony during trial and questionable statements made during the prosecutor's closing remarks to the jury denied him a fair trial. Because these objections may be renewed at a second trial, we feel it is necessary to consider them.

Martinez objects to the admission of his multiple prior convictions for narcotics offenses. Illinois law permitting the use of a prior felony conviction for impeachment purposes does not preclude the introduction of multiple convictions for that purpose. In *People v. Kitchen* (1977), 53 Ill. App. 3d 521, 523-24, 368 N.E.2d 528, 531, this court said:

> "Illinois courts have not hesitated to approve the use of multiple convictions where they involve dishonesty or false statements. (Citations omitted.) Prior convictions for crimes other than for an offense based on dishonesty or false statements have been held admissible on the theory that they establish a disposition on the part of the defendant to place the advancement of his individual self-interest ahead of the interest of society, and such proof may suggest a willingness to do so again on the witness stand. *People v. Nelson* (1975), 31 Ill. App. 3d 934, 938, 335 N.E.2d 79."

■■ The defendant asserts that he was improperly prejudiced when the court allowed testimony that the defendant and his wife screamed obscenities and slurs at the police while he was being placed under arrest. Martinez also objects to testimony by an arresting officer that the tavern was not known as a problem area. This evidence added nothing to the jury's knowledge of the crime and hence should have been excluded as irrelevant. That Martinez may have protested his arrest with epithets and vulgarities does not mean he was resisting arrest or that he did not act in self-defense. Any comments made by his wife and the fact that she was holding their baby at the time were equally irrelevant. This testimony did not help the jury determine the defendant's guilt, and may have needlessly prejudiced him in the jury's eyes.

■■ Martinez also objects to several questions presented during the prosecutor's cross-examination of Pablo Marcano—a defense witness and friend of the accused, who was at the bar the night of the stabbing. Martinez argues that it was improper for the State to ask Marcano why he had not approached either the police or State's Attorney with his eyewitness account, instead of coming forward with his evidence on the

first day of the trial—8 months after the occurrence. Though comments or questions regarding a defendant's silence have been held unconstitutional in *Doyle v. Ohio* (1976), 426 U.S. 610, 49 L. Ed. 2d 91, 96 S. Ct. 2240, this holding has not been extended to cover witnesses. In view of the fact that Marcano was a friend of the defendant, and the only witness who claimed to see Soto pull a knife, this line of questioning was permissible as well as probative.

We next consider the prosecutorial comments which the defendant contends were improper. In his closing argument, the prosecutor suggested that counsel for the defense and the State would be happy to answer inquiries about certain aspects of the case or the investigation after the case was over. This statement offered the jurors an opportunity to reserve doubts they may have had until the trial was over. It encouraged the jury to put aside potential doubts it might have to await their answer by counsel when the trial was over. Any comment which suggests dialogue with counsel when the trial is finished as a substitute for dealing with questions during jury deliberation is dangerous and should not be permitted.

Equally improper was the prosecutor's statement that the State had "no quarrel" about its burden of proving the defendant's guilt beyond a reasonable doubt, and that people "throughout the United States ° ° ° are being found guilty beyond a reasonable doubt every day of the week." This comment had the effect of lessening the importance of the State's burden of proof by implying that reasonable doubt was merely a pro-forma or minor detail.

Finally, the prosecutor's statement that by believing the defendant's account of the stabbing the jury would be labeling the prosecution witnesses, including two policemen, as liars was not objectionable. This statement was a way of commenting upon the credibility of the witnesses; this is a legitimate argument to a court or jury. *People v. Hoffman* (1948), 399 Ill. 57, 77 N.E.2d 195; *People v. Agosto* (1979), 70 Ill. App. 3d 851, 388 N.E.2d 1018; *People v. Oden* (1975), 26 Ill. App. 3d 613, 617, 325 N.E.2d 446, 449.

Reversed and remanded.

McGILLICUDDY and RIZZI, JJ., concur.