THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JAMES BERRY, Defendant-Appellant.

First District (3rd Division)   No. 80—829

Opinion filed December 22, 1982.

Ralph Ruebner and Nancy Abrahams, both of State Appellate Defender's Office, of Chicago, for appellant.

Richard M. Daley, State's Attorney, of Chicago (Marcia B. Orr, Warren A. Zimmerman, and Edward M. Rubin, Assistant State's Attorneys, of counsel), for the People.

JUSTICE RIZZI delivered the opinion of the court:

Defendant, James Berry, was found guilty of murder and armed violence in a jury trial and was sentenced to a term of 30 years. On appeal he contends that (1) because self-defense was raised, the instructions should have informed the jury that the State was required to prove beyond a reasonable doubt that his actions were not justified and (2) he was denied effective assistance of counsel. We reverse and remand.

On September 13, 1978, at approximately 9:30 p.m., defendant came to the apartment of Gertrude Hollie at 4429 S. Federal in Chicago, Illinois. He stayed until about 10:30 p.m. when his friend came to Gertrude's door, and defendant went outside to speak to him. While defendant was outside, Richard Spaulding, who lived with Gertrude, arrived at Gertrude's apartment. Gertrude's brother, Billy Square Hollie, was also at the apartment.

According to Gertrude and her brother, defendant returned to the apartment between 10:30 and 11 p.m. At that time, Spaulding said

that defendant had sold him a bad bag of "reefer." Spaulding and defendant began to shout at each other. Spaulding moved to grab defendant when Gertrude stepped between the two men and shoved Spaulding towards the kitchen. Billy testified that defendant took out a gun and shot Spaulding. Spaulding did not have anything in his hand at the time. Billy then jumped up, tried to force defendant to drop the gun and pushed defendant out the door. Gertrude stated that she heard a gunshot and ran into a closet. She then turned around to see Spaulding lying on the floor with blood on his shirt. She also saw defendant and Billy struggling over the gun defendant had in his hand.

Shortly thereafter, defendant was arrested. At the time of his arrest, defendant told a police officer, "I did it. I shot him. Let's go to the station."

Defendant testified that Spaulding had ordered him to enter the apartment at gunpoint. According to defendant, Spaulding said that he was going to shoot him because he had sold him some bad marijuana. Gertrude jumped between defendant and Spaulding and started pushing Spaulding. Spaulding broke loose and turned around. As Spaulding turned around, defendant pulled out a gun, cocked it and aimed it. Spaulding was aiming his gun at defendant. At this point, Billy grabbed defendant's hand, and the gun fired. In an earlier statement, defendant said that he fired a shot at Spaulding before Billy struggled with him.

Defendant argues that reversible error occurred because the instructions did not inform the jury that the State was required to prove beyond a reasonable doubt that defendant's actions were not justified. Without objection by defendant, the jury was given Illinois Pattern Jury Instruction, Criminal, No. 7.02 (1968) (hereinafter cited as IPI Criminal), the issue instruction for a murder case when self-defense is not an issue, and IPI Criminal No. 24.06, the instruction defining when the use of force is justified in defense of a person. The jury also was given IPI Criminal No. 2.03, which states that a defendant is not required to prove his innocence and that the State has the burden of proving defendant guilty beyond a reasonable doubt. Defendant contends that the trial court should have given IPI Criminal No. 25.05 instead of No. 7.02 because No. 25.05 includes the defendant's lack of justification as an additional element to be proved. Defendant did not tender IPI Criminal No. 25.05.

Once self-defense is properly raised, the State has the burden of proving beyond a reasonable doubt that the defendant was not justified in using the force which he used. (*People v. Pernell* (1979), 72 Ill.

App. 3d 664, 666, 391 N.E.2d 85, 86; *People v. Graves* (1978), 61 Ill. App. 3d. 732, 742, 378 N.E.2d 293, 301.) The State maintains, however, that in the present case, defendant waived any error in this regard by failing to object to the instructions given, by failing to tender the proper instruction and by failing to include the point in his post-trial motion. We disagree.

While the appellate court has recognized that IPI Criminal No. 25.05 should be given so that the jury is informed of the State's burden of proof on the issue of self-defense (see *People v. Churchill* (1980), 80 Ill. App. 3d 405, 410, 399 N.E.2d 985, 988-89; *People v. Wright* (1975), 32 Ill. App. 3d 736, 744, 336 N.E.2d 18, 25), the court has been divided on the question of whether the failure to give IPI Criminal No. 25.05 constitutes plain error under Supreme Court Rule 451(c) (87 Ill. 2d R. 451(c))[1] regardless of whether defendant tendered the instruction (see *People v. Huckstead* (1982), 91 Ill. 2d 536, 544, 440 N.E.2d 1248, 1251-52, and cases cited therein). The supreme court addressed this question for the first time in the recent case of *People v. Huckstead* (1982), 91 Ill. 2d 536, 440 N.E.2d 1248.

In *Huckstead*, the court stated that the plain error exception to the waiver rule is restricted to the correction of grave errors or to situations where the case is close factually and fundamental fairness requires that the jury be properly instructed. (91 Ill. 2d 536, 544, 440 N.E.2d 1248, 1252.) In deciding that the failure to give IPI Criminal No. 25.05 did not constitute plain error under the circumstances before it, the court relied upon the presence of the following factors: (1) IPI Criminal No. 24.06 was given, and it informed the jury that the defendant was justified in using deadly force if he reasonably believed that force was necessary to prevent imminent death or great bodily harm to himself; (2) IPI Criminal No. 2.03 was given, and it informed the jury that the defendant did not have to prove his innocence and that the burden of proof remained with the State throughout the trial; (3) during closing argument, defense counsel repeatedly and specifically emphasized that the State had the burden of proving defendant was not justified in the force he used; and (4) during rebuttal argument, the State acknowledged that it had to show that the shooting was not justified. The court concluded that "in this case, the instructions, in combination with the closing arguments by counsel for both sides, apprised the jury that the State had the burden of proving that

---

[1]Supreme Court Rule 451(c) provides: "[S]ubstantial defects [in instructions in criminal cases] are not waived by failure to make timely objections thereto if the interests of justice require."

defendant was not justified in the force he used. Consequently, the failure of the trial court to give IPI Criminal No. 25.05 did not constitute 'grave error.' " (*People v. Huckstead* (1982), 91 Ill. 2d 536, 545, 440 N.E.2d 1248, 1252.) The court further decided that the evidence was not factually close and therefore the case did not fall within the narrow constraints of the "factually close" standard of plain error. 91 Ill. 2d 536, 546-47, 440 N.E.2d 1248, 1252-53.

■ We do not believe that the decision in *Huckstead* means that failure to give IPI Criminal No. 25.05 when self-defense is an issue can never constitute plain error. Rather, *Huckstead* requires that the circumstances of each case be carefully examined to determine (1) whether the instructions, together with the closing arguments by counsel, adequately apprised the jury of the State's burden of proof regarding defendant's claim of self-defense so that there was no grave error, and (2) whether the evidence of defendant's guilt was closely balanced. (See *People v. Huckstead* (1982), 91 Ill. 2d 536, 545, 440 N.E.2d 1248, 1252, discussing *United States v. Jackson* (7th Cir. 1978), 569 F.2d 1003. Applying these standards to the case before us, we conclude that the failure to give IPI Criminal No. 25.05 was plain error. See *People v. Wells.* (1982), 110 Ill. App. 3d 700, 442 N.E.2d 1341.

Turning first to the grave-error prong of the plain error rule, the record reflects that the jury was given IPI Criminal No. 24.06 and IPI Criminal No. 2.03, as was the jury in *Huckstead.* However, unlike *Huckstead,* the defense counsel did not "repeatedly and specifically [emphasize]" that the State had the burden of proving that defendant was not justified in his use of force. Here, defense counsel made only the following brief statement regarding the burden of proof: "[T]he State has the burden of proof against any person who is charged with any crime and against Mr. James Berry, of proving him guilty of each and every allegation that is charged, beyond a reasonable doubt." Clearly, this general statement regarding burden of proof, which did not even refer to the issue of justification, did not inform the jury of the State's burden of proof regarding that issue. As for the State's rebuttal argument, the prosecutor merely acknowledged that the State had the burden of proof. He did not mention that this burden of proof extended to the issue of justification.

■ We believe that the distinction between the closing arguments in *Huckstead* and those presented here is critical. In the present case, the instructions, standing alone, were insufficient to apprise the jury of the State's burden of proof regarding justification, and the closing arguments did not fill this gap in the jury's knowledge. (See *United*

*States v. Jackson* (7th Cir. 1978), 569 F.2d 1003, 1011 (Tone, J., dissenting).) While IPI Criminal No. 24.06 defined the use of force, it did not tell the jury that the State had the burden of proving that defendant was not justified in using the force which he used. (*People v. Pernell* (1979), 72 Ill. App. 3d 664, 668, 391 N.E.2d 85, 88.) It is only IPI Criminal No. 25.05 which tells the jury "that lack of self-defense must be proved beyond a reasonable doubt—something that is not readily apparent to many jurors and [that is] potentially vital to defendants *** whose sole defense is self-defense." (*People v. Huckstead* (1982), 91 Ill. 2d 536, 548-49, 440 N.E.2d 1248, 1254 (Simon, J., dissenting).) Even when the jury instructions given here are viewed in conjunction with the closing arguments of both counsel, it is clear that the jury was not adequately instructed on the issue of self-defense. We therefore conclude that under the circumstances of this case, the failure to give the jury IPI Criminal No. 25.05 constituted grave error which was not waived by defendant. In this case, defendant's failure to object to the instructions given, to tender the particular instruction, or to include the point in his post-trial motion "is not as important with reference to fundamental fairness as the quintessential requirement that the jury be properly instructed when one stands to lose his liberty." *People v. Pernell* (1979), 72 Ill. App. 3d 664, 666, 391 N.E.2d 85, 87, quoted in *People v. Martinez* (1979), 76 Ill. App. 3d 280, 283, 395 N.E.2d 86, 89.

In addition, we believe that this case also falls within the narrow constraints of the "factually close" prong of the plain error test. The evidence shows that defendant had sold Spaulding or Gertrude a "nickel bag" of marijuana two weeks prior to the shooting. On the evening of the occurrence, defendant spent some time socializing at Spaulding and Gertrude's apartment while Spaulding was not present. Defendant left to speak with a friend. Defendant testified that Spaulding walked by, and they spoke and shook hands. Shortly thereafter, as defendant was walking to his girlfriend's apartment, he was called over to Spaulding's apartment. When he reached the door, he saw that Spaulding had a gun in his hand, and he was forced into the apartment. According to defendant, Spaulding threatened to kill him because he had sold Spaulding some bad marijuana. At this time, Gertrude jumped between the two men and started pushing Spaulding back, telling him not to shoot. Spaulding got loose, turned toward defendant, and pointed a gun at him. Defendant stated that he told Spaulding to put the gun down, and he began backing away. Billy then came over to defendant, who had drawn his pistol. Defendant testified that his gun went off when Billy grabbed his hand, although

in an earlier statement defendant had stated that he fired the gun before he struggled with Billy.

The only other testimony as to the events surrounding the shooting came from Gertrude, who lived with Spaulding, and Billy, her brother. Gertrude testified that Spaulding and defendant argued about the marijuana, and Spaulding grabbed at defendant. She stepped between the two men and started pushing Spaulding back. Gertrude stated that the only thing she saw in defendant's hands was a bottle of beer. Spaulding did not have anything in his hands. As she was pushing Spaulding back, she heard a shot, and she ran into the closet. Billy testified that as his sister was pushing Spaulding, he saw defendant bring out a gun, aim it at Spaulding, and shoot. According to Billy, he then struggled with defendant and pushed him out the door.

■ Plainly, this case is factually close on the issue of whether the shooting occurred as the result of self-defense. Unlike *Huckstead*, there is no indication that defendant ever voiced any intent to kill Spaulding. (See *People v. Huckstead* (1982), 91 Ill. 2d 536, 546-47, 440 N.E.2d 1248, 1253.) Moreover, it is undisputed that it was Spaulding who was angry with defendant because he was dissatisified with the marijuana purchased from defendant. It is also undisputed that Spaulding was the initial aggressor. The only occurrence witnesses to testify other than defendant were Spaulding's girlfriend, who did not see the actual shooting, and her brother. Since the evidence regarding self-defense was so closely balanced, it was imperative that the jury be properly instructed on this issue. Under these circumstances, the failure to give the jury IPI Criminal No. 25.05 constituted plain error. We conclude that this error was sufficiently serious to "severely threaten the fundamental fairness of the defendant's trial." *People v. Roberts* (1979), 75 Ill. 2d 1, 15, 387 N.E.2d 331, 337-38; See *People v. Huckstead* (1982), 91 Ill. 2d 536, 547, 440 N.E.2d 1248, 1253.

■ We also conclude that there is merit to defendant's argument that his representation was incompetent as reflected in the performance of his trial attorney and that this incompetent representation produced substantial prejudice to defendant without which the result of the trial would probably have been different. (*People v. Greer* (1980), 79 Ill. 2d 103, 120-21, 402 N.E.2d 203, 211.) In addition to the fact that trial counsel did not tender IPI Criminal No. 25.05, the record shows that trial counsel did not present important testimony to the jury and that he did not object when the State introduced improper testimony which was detrimental to defendant's case. Moreover, comments made by the trial judge demonstrate that he was

troubled by the quality of the representation afforded defendant. Under the totality of the circumstances, it is clear that defendant did not receive a fair trial.

Accordingly, the judgment is reversed, and the case is remanded for a new trial.

Reversed and remanded.

WHITE, P.J., and McNAMARA, J., concur.