THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. GREGORY LOWE, Defendant-Appellant.

First District (4th Division)   Nos. 84—714, 84—824 cons.

Opinion filed February 19, 1987.

James J. Doherty, Public Defender, of Chicago (Linda J. Seeley, Assistant Public Defender, of counsel), for appellant.

Richard M. Daley, State's Attorney, of Chicago (Michael E. Shabat, Peter D. Fischer, and Michael Clarizio, Assistant State's Attorneys, of counsel), for the People.

PRESIDING JUSTICE McMORROW delivered the opinion of the court:

After a jury trial, defendant, Gregory Lowe, was convicted of murder (Ill. Rev. Stat. 1985, ch. 38, pars. 9—1(a)(1), 9—1(a)(2)), attempted murder (Ill. Rev. Stat. 1985, ch. 38, par. 8—4), and aggravated battery (Ill. Rev. Stat. 1985, ch. 38, par. 12—4(b)(1)). The trial court sentenced defendant to 25 years' imprisonment for murder and 20 years for attempted murder, the sentences to run concurrently. We reverse the defendant's convictions and remand this cause for a new trial because, under the circumstances of this case, plain error resulted when neither the trial court nor counsel apprised the jury of the State's burden of proof with respect to self-defense. In light of this determination, we do not address the other issues raised by defendant on appeal.

BACKGROUND

The State charged defendant with the murder of Larry Chaney and the attempted murder and aggravated battery of Gilbert Chaney. Defendant admitted shooting both men, but claimed he acted with lawful justification in self-defense. The trial court determined that defendant presented sufficient evidence to warrant instructing the

jury on self-defense.

At trial, the State proffered both the definitional and issues instructions for murder, attempted murder, and aggravated battery. The definitional instruction explains the offense generally, while the issues instruction specifically lists all the elements or propositions for the offense charged that the State must prove, beyond a reasonable doubt, before the jury may render a guilty verdict for the offense. The defendant offered the definitional and issues instructions for voluntary manslaughter and the definitional instruction for self-defense. However, neither the State nor the defendant offered issues instructions which indicated that the State had the burden or proving the proposition or element "that the defendant was not justified in using the force which he used." (Illinois Pattern Jury Instruction, Criminal, No. 24-25.06A (2nd ed. 1981) (hereinafter IPI Criminal 2d).) The defendant contends that this language and burden should have been contained in the issues instructions for each offense. The judge tendered to the jury IPI instructions for murder, attempted murder, aggravated battery, and voluntary manslaughter. Although the judge gave the jury the self-defense definitional instruction, he did not include in the issues instructions for each offense the proposition that the State must prove that defendant was not justified in using the force he used. Defendant did not object or offer alternative instructions at the instruction conference or object to the tendered instructions in his post-trial motion. Defendant appeals, contending that his failure to object to the instructions does not, under Supreme Court Rule 451(c) (87 Ill. 2d R. 451(c)), preclude consideration of error in the instructions given.

OPINION

■■ Defendant argues that his convictions must be reversed because the jury was not instructed that the State must disprove self-defense as an element of each offense. We agree. Justifiable use of force is an affirmative defense which must be raised by the pleadings or evidence, and after it has been raised, the State has the burden of proving beyond a reasonable doubt that the use of force was not justified. (*People v. Williams* (1974), 57 Ill. 2d 239, 242, 311 N.E.2d 302, *cert. denied* (1974), 419 U.S. 1026, 42 L. Ed. 2d 302, 95 S. Ct. 506.) "[W]here self-defense is properly raised, the jury *must* be instructed that the State carries the burden of proof on the issue; the instruction must be given in the form of IPI Criminal No. 25.05 [identical in substance to IPI Criminal 2d No. 24—25.06A] since that is the applicable instruction. [Citation.]" (Emphasis in original.) *People v. Pernell*

(1979), 72 Ill. App. 3d 664, 668, 391 N.E.2d 85, 88; see also 87 Ill. 2d R. 451(a).

■■ The State contends that the error in failing to instruct the jury that the State has the burden of proving that the defendant did not act in self-defense was waived by defendant's failure to object to the instructions that were given to the jury on this issue and by his failure to tender an instruction which advised the jury of the State's burden of proof on the issue of self-defense. Generally, a defendant waives any error in the instruction to the jury if he does not object or proffer alternative instructions at trial, and, ordinarily, issues not properly raised in defendant's post-trial motion will not be considered on appeal. (*People v. Thurman* (1984), 104 Ill. 2d 326, 329, 472 N.E.2d 414; *People v. Smith* (1986), 149 Ill. App. 3d 145, 153-54, 500 N.E.2d 605.) However, if the interests of justice require, substantial defects in jury instructions in criminal cases may be considered, even though defendant failed to make timely objection. (87 Ill. 2d R. 451(c); *People v. Thurman* (1984), 104 Ill. 2d 326, 329-30, 472 N.E.2d 414; *People v. Smith* (1986), 149 Ill. App. 3d 145, 154, 500 N.E.2d 605.) This exception "will be invoked to correct grave errors, or in cases so close factually that fundamental fairness requires that the jury be properly instructed. [Citation.]" *People v. Thurman* (1984), 104 Ill. 2d 326, 329-30, 472 N.E.2d 414, 416; *People v. Sowinski* (1986), 148 Ill. App. 3d 231, 242, 498 N.E.2d 650.

Certain instructions, such as the burden of proof and the elements of the offense charged, are essential to a fair jury trial and must be given; therefore, if they are not properly given " 'the concept of waiver will not be employed to bar reversal.' " (*People v. Roberts* (1979), 75 Ill. 2d 1, 13, 387 N.E.2d 331, 337, quoting with approval ABA Standards, Trial by Jury, Commentary, at 116 (1968); see also *People v. Pegram* (1987), 152 Ill. App. 3d 656, 660.) The court has the duty to insure that the jury is properly instructed on the elements or issues of each crime charged, on the presumption of innocence, and on the burden of proof. See *People v. Parks* (1976), 65 Ill. 2d 132, 137, 357 N.E.2d 487; *People v. Cage* (1986), 146 Ill. App. 3d 726, 730, 497 N.E.2d 386, *appeal denied* (1986), 113 Ill. 2d 562; *People v. Sanders* (1984), 129 Ill. App. 3d 552, 563, 472 N.E.2d 1156, *appeal denied* (1984), 101 Ill. 2d 586.

■■ The omission of the self-defense issues instruction constitutes grave error when, in light of the record as a whole, "the jury was not apprised that the State had the burden of proving, beyond a reasonable doubt, that defendant was not justified in the force he used." (*People v. Berry* (1984), 99 Ill. 2d 499, 506, 460 N.E.2d 742, 745; see

also *People v. Jenkins* (1977), 69 Ill. 2d 61, 66, 370 N.E.2d 532; *cf. Cabana v. Bullock* (1986), 474 U.S. 376, 384, 88 L. Ed. 2d 704, 715, 106 S. Ct. 689, 696.) The failure to instruct the jury that the State has the burden of proof on the issue of self-defense does not result in grave error if "the instructions tendered [citation], in conjunction with the closing arguments given by both litigants, sufficiently informed 'the jury that the State had the burden of proving that defendant was not justified in the force he used.' " *People v. Berry* (1984), 99 Ill. 2d 499, 505, 460 N.E.2d 742, 744-45, quoting *People v. Huckstead* (1982), 91 Ill. 2d 536, 545, 440 N.E.2d 1248, 1252; *cf. People v. Pegram* (1987), 152 Ill. App. 3d 656, 661; but see *People v. Kindelan* (1986), 150 Ill. App. 3d 818.

■ In the case at bar, the closing arguments did not inform the jury that the burden of disproving self-defense rested on the State. Neither defense counsel nor the assistant State's Attorney told the jury the State had to prove "[t]hat the defendant was not justified in using the force which he used." (IPI Criminal 2d No. 24—25.06A.) The jury might have concluded that it was incumbent on the defendant to prove that he acted in self-defense. Without clear and complete instructions, "it is not unlikely that the jury would infer that the government has borne its burden and that it is up to the defendant to establish his justification[,] *** contrary to the standard of proof beyond a reasonable doubt on all elements of the offense." (*United States v. Corrigan* (10th Cir. 1977), 548 F.2d 879, 883; *cf. People v. Thurman* (1984), 104 Ill. 2d 326, 331, 472 N.E.2d 414.) Because the jury was never apprised by the trial court or counsel that the State had the burden of proving, beyond a reasonable doubt, that defendant was not justified in using the force he used, grave error resulted (see *People v. Berry* (1984), 99 Ill. 2d 499, 506, 460 N.E.2d 742), and the defendant's convictions must be reversed and the cause remanded for a new trial. See *People v. Martinez* (1979), 76 Ill. App. 3d 180, 184, 395 N.E.2d 86; *People v. Sunquist* (1977), 55 Ill. App. 3d 263, 268, 370 N.E.2d 864, *appeal denied* (1978), 71 Ill. 2d 600; *cf. People v. Ogunsola* (1981), 87 Ill. 2d 216, 222-23, 429 N.E.2d 861; *People v. Jenkins* (1977), 69 Ill. 2d 61, 66-67, 370 N.E.2d 532; *People v. Pegram* (1987), 152 Ill. App. 3d 656, 661.

For the reasons stated above, the judgment of the circuit court of Cook County is reversed and the cause remanded for a new trial.

Reversed and remanded.

LINN and JOHNSON, JJ., concur.