THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* WILLIE HARRIS, Defendant-Appellant.

Third District   No. 82—422

Opinion filed December 23, 1982.

STOUDER, J., specially concurring.

Robert Agostinelli and Peter A. Carusona, both of State Appellate Defender's Office, of Ottawa, for appellant.

John A. Barra, State's Attorney, of Peoria (John X. Breslin and Terry A. Mertel, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE HEIPLE delivered the opinion of the court:

Willie Harris, convicted and sentenced for armed violence and escape, raises a single issue on appeal. It is that he was denied a fair trial due to the prosecutor's improper closing arguments.

At trial, the defendant did not object to the prosecutor's remarks nor did he raise any objection in his post-trial motion. Ordinarily this would result in a waiver of the issue on appeal. But since the waiver rule is more a rule of administration than jurisdiction, we choose to discuss the merits of the defendant's appeal.

The defendant contends that the following remarks of the prosecutor had the effect of lessening the importance of the State's burden of proof.

"Mr. Riddle first indicated to you that, yes, the People have the burden of proof. I want you to know that I accept it for the People; that is our system of justice, that's the way we would have it.

I further suggest to you that you should not enlarge it beyond a reasonable doubt. I would further suggest to you, for the People, that there's nothing new about the burden of proof, its been with us for a number of years. Juries, for a long time, have used that burden before finding any defendant guilty. In any way, that burden must be satisfied."

Although the defendant cites two recent cases which found similar remarks to be improper, those cases were not reversed for that reason. Therefore, any discussion of those remarks was dicta. (See *People v. Martinez* (1979), 76 Ill. App. 3d 280; *People v. Frazier* (1982), 107 Ill. App. 3d 1096.) In *People v. Smith*, on the other hand, the court was also confronted with remarks similar to those in the case at bar. (*People v. Smith* (1981), 93 Ill. App. 3d 1133.) The court in *Smith* held that the remarks did not directly inpugn the reasonable doubt standard and that the prosecutor's statement was essentially a superfluous restatement of the standard subsumed in the entirety of his closing argument.

What were the remarks in *Martinez, Frazier* and *Smith?*

In *Martinez*, the prosecutor said that the State had "no quarrel" about its burden of proving the defendant's guilt beyond a reasonable doubt, and that people "throughout the United States *** are being found guilty beyond a reasonable doubt every day of the week." 76 Ill. App. 3d 280, 285.

In *Frazier*, the prosecutor said that "there is nothing magical about finding someone guilty beyond a reasonable doubt. It is done every day in courts all over the country." 107 Ill. App. 3d 1096, 1101.

In *Smith*, the prosecutor argued that, "Every defendant, be he a thief, or be he a murderer, who has ever been convicted in the 200 years of this country, was proved guilty beyond a reasonable doubt." 93 Ill. App. 3d 1133, 1139.

The appellate court thought the remarks in *Martinez* and *Frazier* were improper. The appellate court thought the remarks in *Smith* were not improper.

Although the splitting of hairs and the drawing of fine distinctions are popular judicial endeavors, such techniques are unavailing in the instant case. It is impossible to differentiate *Martinez, Frazier* and *Smith* from each other or from the case at hand. A search for reported cases in other jurisdictions on this point produced no results. Our supreme court has not addressed the issue.

The view of such remarks is, like beauty, in the eye of the beholder. Having said that, it is to be further noted that we prefer the result in *People v. Smith*. We similarly believe that in the instant case, the remarks did not directly inpugn the reasonable-doubt standard. Moreover, the prosecutor's statement was essentially a superfluous restatement of the standard subsumed in the entirety of his closing argument. The remarks were never repeated or reemphasized. There was no attempt in the present case to shift the burden of proof to the defendant, nor did the prosecutor attempt to define or rephrase the reasonable doubt standard. Most importantly, the prosecutor's argument did not cloud or distort the fundamental principle that a person is innocent until the State proves him guilty beyond a reasonable doubt and that this burden rests upon the State throughout the entire trial.

In short, we believe that the prosecutor's comments fell well within the bounds of proper argument.

Accordingly, we affirm the judgment of the trial court.

Affirmed.

SCOTT, J., concurs.

JUSTICE STOUDER, specially concurring:

I agree with the result reached by my colleagues but I do not agree with the reasoning. In my opinion the remarks of the prosecuting attorney during closing argument were error but harmless. I would therefore disagree with the conclusion of my colleagues which approve the remarks in the guise of vigorous argument.

I believe that to some extent the reasoning of my colleagues is based on a misreading of *People v. Smith* (1981), 93 Ill. App. 3d 1133, 418 N.E.2d 172, since it not only fails to support the reasoning of my colleagues but actually supports a contrary view of the arguments. I agree that in *People v. Martinez* (1979), 76 Ill. App. 3d 280, 395 N.E.2d 86, and *People v. Frazier* (1982), 107 Ill. App. 3d 1096, 438 N.E.2d 623, where similar arguments are held to be improper, the reasoning in the opinions was dicta since in each case the judgments would have been reversed on other grounds. Nevertheless, the opinions are of some significance on the issue particularly since the *Martinez* opinion was, I believe, followed in *Smith*. Likewise a similar final argument was held improper but harmless error in *People v. Hamilton* (1980), 80 Ill. App. 3d 794, 400 N.E.2d 599.

In *People v. Smith* (1981), 93 Ill. App. 3d 1133, 418 N.E.2d 172, the court observed:

> "In both *Hamilton* and *Martinez*, the prosecutor's comments directly impugned the reasonable doubt standard more so than did the statement at bar, which was essentially a superfluous restatement of the standard. As it was contained in an unemphasized remark subsumed in the entirety of the prosecutor's arguments, the statement does not justify reversal." (93 Ill. App. 3d 1133, 1139.)

Thus in *Smith* the court does not approve the final argument made in that case but merely holds the argument was not a sufficient reason for reversal.

Each of the four cases referred to in this opinion supports the general principle that arguments of the type involved in this case do improperly tend to diminish or otherwise detract from the burden of proof required of the prosecution in a criminal case. I doubt that this improper argument standing alone would likely result in reversible error, but when considered in the context of other occurrences during a trial there might be a different result when considered with other errors. Consequently, I think it is a mistake to approve such arguments as the majority has done.