THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JAMES WHITNEY, Defendant-Appellant.

First District (4th Division)    No. 79-553

Opinion filed July 10, 1980.

Ralph Ruebner and Fe Fernandez, both of State Appellate Defender's Office, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Marcia B. Orr and Thomas J. Leanse, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE JIGANTI delivered the opinion of the court:

Following a jury trial in the circuit court of Cook County the defendant, James Whitney, was found guilty of aggravated battery and sentenced to a term of five years. On appeal Whitney argues: (1) the jury was not properly instructed regarding the State's burden of proof on the issue of self-defense; (2) he was deprived of his right to be presumed innocent by the prosecutor's comment on his failure to call an occurrence witness; and (3) the prosecutor's comments in closing argument deprived him of a fair trial.

It is not disputed that in the late afternoon or early evening of June 11, 1977, Whitney stabbed Darrell Williams in the neck, arm and ear. The two men had known each other for two years. On the date of the occurrence they had been drinking together since morning.

Williams testified that he, Whitney, and a man named Sells Townsend left a party at the home of Whitney's brother at about 5:30 p.m. Sells Townsend was driving. Williams asked to be taken home first. The three men arrived at Williams' home at about 6:15 p.m. After saying "I'll see you later" to Townsend and Whitney, Williams opened the car door and exited. As he got out of the car he pulled the front seat forward so that Whitney could get out of the back seat and into the front seat. Williams started walking towards his house. He had a windbreaker jacket on one arm. He turned around when he heard someone walking behind him and then "automatically" threw up his arms as he saw Whitney with a knife in his hands. Whitney cut Williams' arm. Williams pushed Whitney. Whitney then cut the right side of Williams' face and neck with the knife. Williams fell to his knees. Whitney threatened to kill Williams and then ran back to the car which was driven away.

Whitney testified that when he got out of the car after Williams exited

that Williams hit him across the nose. Whitney testified that the blow "almost knocked [him] out" and that his eyes watered. Williams then put a plastic jacket over Whitney's head and tried to suffocate him. After Whitney freed himself from the jacket, Williams hit Whitney over the head and started kicking Whitney and "doing judo." Whitney stated that he cut Williams with a knife to stop Williams from continuing the attack. He also testified that he cut Williams accidentally when trying to free himself from the jacket. When Whitney saw Williams' girlfriend come out of Williams' house, he got back into Townsend's car and left.

In rebuttal, Chicago Police Investigator Dennis Boulder testified that he interviewed Whitney on June 22, 1977. Whitney told the police officer that Williams had struck him in the face twice. Whitney did not tell the officer that he had been hit with a weapon, that a jacket had been pulled over his head, or that he had been hit and kicked. Whitney told the investigator that Williams hit him while he was getting out of the car and that he had slashed Williams in an effort to protect himself after Williams had struck him for no apparent reason.

Dr. Jose Toledo testified for the defense. He said Whitney came to his office on June 14, 1977, complaining of pain on the right side of his face. Whitney told the doctor that he had been hit in the face on June 11. X rays showed that Whitney's nose was broken.

Williams' girlfriend testified that she was sitting at the side of Williams' house at approximately 6 p.m. on June 11, 1977. She heard Williams say, "I can't believe he cut me." She then walked to the front of the house where she saw Whitney standing over Williams for a few moments before getting into the car. She testified that Williams was intoxicated. Whitney did not appear drunk to her.

Two witnesses testified that Williams had a reputation for being disorderly and violent. They had known Williams for several years and had discussed his reputation with members of the community. Neither witness knew where Williams was living.

Whitney was charged by information with aggravated battery by "intentionally and knowingly" causing great bodily harm (Ill. Rev. Stat. 1977, ch. 38, par. 12—4(a)) and with aggravated battery by use of a deadly weapon (Ill. Rev. Stat. 1977, ch. 38, par. 12—4(b)(1)). On each count the jury was given an issues instruction which set forth the elements the State was required to prove. Neither instruction made any reference to the issue of self-defense. The instruction which defines self-defense, or "justifiable use of force" as it is referred to, was also given. Illinois Pattern Jury Instructions, Criminal, No. 24.06 (2d ed. 1971).

It is not disputed that because self-defense was properly raised the issues instructions should have included not only the elements of the offense but should have also set forth the State's burden to prove that the

"defendant was not justified in using the force which he used." (IPI Criminal No. 25.05.) However, the defendant did not request that the proper instruction be given and did not include the failure to instruct on the issue of justifiable use of force in his motion for a new trial.

The State contends that the defendant waived appellate review of any error involved in the failure to instruct the jury on the issue of justifiable use of force by not tendering that instruction at trial and not raising the issue in his written motion for a new trial. The defendant contends that where self-defense is properly raised the failure to give the issues instruction on the justifiable use of force cannot be waived. He relies upon *People v. Jenkins* (1977), 69 Ill. 2d 61, 370 N.E.2d 532, *People v. Pernell* (1979), 72 Ill. App. 3d 664, 391 N.E.2d 85, and *People v. Martinez* (1979), 76 Ill. App. 3d 280, 395 N.E.2d 86.

In *Jenkins* a conviction for attempt murder was reversed because the jury had been given two contradictory instructions regarding the claim of self-defense. The first instruction was the issues instruction for attempt murder. It omitted any reference to the issue of self-defense. The second instruction on the same attempt murder charge was identical to the first except that it correctly advised the jurors that a conviction required proof by the State that the defendant was not justified in using the force which he used. The court held that although the second instruction was by itself proper the jury was confused by combining that instruction with the incorrect one. The court reasoned that when the instructions given fail to accomplish their purpose by incorrectly or incompletely advising the jury as to the applicable law, "the jury cannot perform its constitutional function." *Jenkins*, 69 Ill. 2d 61, 66, 370 N.E.2d 532, 534.

In *Pernell*, the jury received the issues instruction for murder and the definitional instruction òn the justifiable use of force. Although the defendant objected to the instructions given he did not request that the issues instruction which included the element of justifiable use of force be given instead. The court relied upon *Jenkins* to hold that the requirement that the issues instruction which included the element of justifiable use of force be given where self-defense is properly raised is not waived by the defendant's failure to tender the instruction and that it is the duty of the trial court to make certain that the issues instruction on the justifiable use of force is included in the instructions to the jury.

Similarly, in *Martinez* the jury received the issues instruction for attempt murder and the definitional instruction on the justifiable use of force. The defendant did not object to the instructions given and did not request that the issues instruction on the justifiable use of force be given. The court followed *Pernell* and held that the court's duty to include the issues instruction on the justifiable use of force could not be waived by the failure of the defendant to tender that instruction.

As a general rule the failure to tender an instruction at trial constitutes waiver for purposes of appeal. (*People v. Underwood* (1978), 72 Ill. 2d 124, 378 N.E.2d 513.) However, Supreme Court Rule 451(c) (Ill. Rev. Stat. (1977), ch. 110A, par. 451(c)) provides that "substantial defects" are not waived if the "interests of justice require." In discussing the Rule 451(c) exception to the waiver rule, our supreme court stated that it is "a limited exception" to be used to correct "grave errors" or, "to be applied where the case is close factually and fundamental fairness requires that the jury be properly instructed." *People v. Roberts* (1979), 75 Ill. 2d 1, 14, 387 N.E.2d 331, 337.

The evidence presented in this cause was close factually. Whitney and Williams were the only occurrence witnesses to testify at trial. Each testified that the other attacked him without provocation. Both men had been drinking heavily for several hours preceding the incident. A police officer testified that Whitney had told him that he acted in self-defense. There is evidence that Whitney suffered a broken nose as a result of the incident. Conversely, the police officer who testified that Whitney told him he acted in self-defense stated that the events as related to him by Whitney were not entirely consistent with the events as related by Whitney at trial. Williams' testimony was corroborated by that of his girlfriend. However, she was not an occurrence witness, and she testified that Williams was intoxicated at the time of the incident. Further, Williams' reputation was impeached by two witnesses.

We believe that fundamental fairness requires that the issues instruction on the justifiable use of force be given where self-defense is raised. Therefore, where the instruction is omitted a conviction must be reversed if the evidence is, as here, "close factually."

The cases cited by the State for its contention that Whitney waived any claim that the issues instruction on the justifiable use of force should have been given to the jury are distinguishable. In *People v. Currie* (1980), 84 Ill. App. 3d 1056, 405 N.E.2d 1142, the court held that the case was not close factually on the issue of self-defense. In *People v. Churchill* (1980), 80 Ill. App. 3d 405, 399 N.E.2d 985, the court did not discuss the exceptions to the waiver rule.

It is not necessary to discuss the other errors raised by the defendant due to our disposition of the instruction issue and because the other errors raised are not likely to reoccur in a second trial.

The conviction is therefore reversed and the cause remanded for a new trial.

Reversed and remanded.

LINN, P. J., and JOHNSON, J., concur.