THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. ROBERT YATES, Defendant-Appellee.

Fifth District   No. 5—89—0842

Opinion filed December 31, 1991.

HARRISON, J., dissenting.

John Baricevic, State's Attorney, of Belleville (Kenneth R. Boyle, Stephen E. Norris, and Debra A. Buchman, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Robert Agostinelli, of State Appellate Defender's Office, of Ottawa, for appellee.

JUSTICE WELCH delivered the opinion of the court:

The People of the State of Illinois appeal from an order of the circuit court of St. Clair County, entered November 15, 1989, which granted the post-conviction petition of defendant, Robert Yates, on the basis of the supreme court's then-recent decision in *People v. Reddick* (1988), 123 Ill. 2d 184, 526 N.E.2d 141. The post-conviction court found that the jury at defendant's trial for attempted murder had not been properly instructed regarding the State's burden to prove the defendant's lack of justification (self-defense) as an element of the offense where the defendant had presented some evidence of self-defense.

Defendant was charged by indictment, filed March 20, 1986, with the offenses of armed violence, aggravated battery and attempted

murder arising from a shooting in a tavern on January 13, 1986. The victim, Rufus Burns, had been shot with a pistol four times in the legs and back by defendant. The victim and numerous eyewitnesses testified that the shooting was unprovoked and not preceded by any argument, fight or struggle. Defendant claimed that the shooting was done in self-defense following an argument during which the victim began to draw a gun. Defendant claimed that the shots were fired during his struggle with the victim to gain control over the gun.

Following a jury trial, defendant was convicted of all three offenses. Judgment was entered on the verdicts on October 20, 1987, and defendant was sentenced to serve 10 years in the Department of Corrections.

Subsequently, defendant appealed his convictions for aggravated battery and armed violence, arguing that they must be vacated because based on the same physical act as was his conviction for attempted murder. This court agreed, and on March 8, 1989, defendant's convictions for aggravated battery and armed violence were vacated. Defendant's conviction for attempted murder was explicitly affirmed. *People v. Yates* (1989), 178 Ill. App. 3d 1163, 552 N.E.2d 822 (unpublished order pursuant to Supreme Court Rule 23 (134 Ill. 2d R. 23)).

On April 10, 1989, defendant filed a *pro se* petition for post-conviction relief. This petition was subsequently twice amended by defendant's court-appointed counsel. The amended petition was dismissed except for the allegations that defendant's trial counsel had been ineffective for failing to tender an instruction requiring the State to disprove that petitioner reasonably believed he was justified in the use of force which was intended or likely to cause death or great bodily harm and that petitioner was denied due process and equal protection under the United States Constitution and Illinois Constitution due to the fact that the trial court incorrectly instructed the jury on attempted murder and self-defense pursuant to *People v. Reddick*.

On November 15, 1989, the circuit court of St. Clair County entered its order granting defendant's post-conviction petition finding that, pursuant to *People v. Reddick*, failure to apprise the jury of the State's burden of proof constitutes grave error and that *Reddick* should be applied retroactively to defendant's case pursuant to *People v. Erickson* (1987), 117 Ill. 2d 271, 513 N.E.2d 367. The court vacated defendant's conviction for attempted murder, did not order a new trial and did not address the previous vacation of defendant's convic-

tions for aggravated battery and armed violence based upon the same physical act as the attempted murder conviction.

The State argues on appeal that the post-conviction court erred in granting defendant's post-conviction petition because the defendant waived any error with respect to the attempted murder/self-defense instructions by his failure to raise the issue on direct appeal; the decision in *Reddick* does not apply retroactively to defendant's case pursuant to the supreme court's decision in *People v. Flowers* (1990), 138 Ill. 2d 218, 561 N.E.2d 674; and, in any event, the decision in *Reddick* is inapplicable to the case at bar where no voluntary manslaughter instruction was given and the jury was adequately instructed on the State's burden of proof with respect to justifiable use of force.

In *People v. Reddick*, the Illinois Supreme Court held, on direct appeal from defendants' convictions, that the previous Illinois Pattern Jury Instructions, Criminal, which stated that in order to sustain a charge of voluntary manslaughter the State must prove not only that defendant committed intentional or knowing homicide but also that when he did so he acted under a sudden and intense passion resulting from serious provocation by another or that when he did so he acted under an unreasonable belief that circumstances existed which would have justified the killing, erroneously stated the State's burden of proof on the mitigating elements. The supreme court held that if a defendant in a murder trial presents sufficient evidence to raise issues which would reduce the charge of murder to voluntary manslaughter, then to sustain the murder conviction, the State must prove beyond a reasonable doubt that those defenses are meritless and must also prove beyond a reasonable doubt the statutory elements of murder. Thus, the supreme court determined that the mitigating factors present in the offense of voluntary manslaughter are affirmative defenses which must be raised by defendant but rebutted beyond a reasonable doubt by the State. The State thus bears the burden of disproving, beyond a reasonable doubt, the existence of the mitigating states of mind for voluntary manslaughter once they are raised by defendant.

The situation in the instant case is different than that presented in *Reddick*. In the instant case, no homicide occurred so that the issue of voluntary manslaughter did not arise. Instead, the defendant was charged with attempted murder, to which he raised the defense of justifiable use of force or self-defense.

The defense of justifiable use of force has long been regarded as an affirmative defense (Ill. Rev. Stat. 1989, ch. 38, par. 7—14), and pursuant to section 3—2 of the Criminal Code of 1961, the State bears

the burden of ultimately disproving, beyond a reasonable doubt, any affirmative defense raised by the defendant (Ill. Rev. Stat. 1989, ch. 38, par. 3—2). (See *People v. Sanchez* (1981), 95 Ill. App. 3d 1006, 420 N.E.2d 680; *People v. Tucker* (1988), 176 Ill. App. 3d 209, 530 N.E.2d 1079.) The Illinois Pattern Jury Instructions, Criminal, provide an instruction, to be used as the final proposition in the issues instruction for the offense charged, which states that, in order to sustain the charge, the State must prove that the defendant was not justified in using the force which he used. (Illinois Pattern Jury Instructions, Criminal, No. 24—25.06A (2d ed. 1981) (hereinafter IPI).) This has been the law since the enactment of the Criminal Code of 1961, and it is the law which was in effect at the time of defendant's trial. Consequently, we fail to see how *Reddick* applies in any respect to the case at bar, or why the parties and the trial court chose to rely on *Reddick* as opposed to well-established statutory and case law directly applicable to the case at bar. Because we do not believe that *Reddick* establishes any law which applies to the instant case, we will not address the issue, raised by the State, as to whether *Reddick* should be applied retroactively to defendant's case, now on collateral review.

We are still faced with the question of whether the post-conviction court erred in granting defendant's post-conviction petition on the basis that the jury instructions given did not adequately apprise the jury that lack of justification was an element of the offense of attempted murder and that the State had the burden to prove, beyond a reasonable doubt, that defendant was not justified in the force he used.

In the instant case, the following pertinent jury instructions were given:

"A person commits the offense of attempt when he, with intent to commit the offense of murder, does any act which constitutes a substantial step toward the commission of the offense of murder.

The offense attempted need not have been committed."

"A person commits the offense of murder when he kills an individual without lawful justification if, in performing the acts which cause the death, he intends to kill that individual."

"A person is justified in the use of force when and to the extent that he reasonably believes that such conduct is necessary to defend himself against the imminent use of unlawful force.

However, a person is justified in the use of force which is intended or likely to cause death or great bodily harm only if

he reasonably believes that such force is necessary to prevent imminent death or great bodily harm to himself or another."

"To sustain the charge of attempt, the State must prove the following propositions:

FIRST: That the defendant performed an act which constituted a substantial step toward the commission of the offense of murder; and

SECOND: That the defendant did so with intent to commit the offense of murder.

If you find from your consideration of all the evidence that each one of these propositions has been proved beyond a reasonable doubt, you should find the defendant guilty.

If you find from your consideration of all the evidence that any one of these propositions has not been proved beyond a reasonable doubt, you should find the defendant not guilty."

"The defendant is presumed to be innocent of the charge against him. This presumption remains with him throughout every stage of the trial and during your deliberations on the verdict, and is not overcome unless from all the evidence in the case you are convinced beyond a reasonable doubt that the defendant is guilty.

The State has the burden of proving the guilt of the defendant beyond a reasonable doubt, and this burden remains on the State throughout the case. The defendant is not required to prove his innocence."

The trial record shows that defendant's trial counsel failed to tender, and the trial court failed to include, IPI Criminal 2d No. 24—25.06A in the issues instruction for attempted murder. It has been repeatedly held that failure to include this instruction constitutes error. (*People v. Tiller* (1978), 61 Ill. App. 3d 785, 378 N.E.2d 282; *People v. Whitney* (1980), 86 Ill. App. 3d 617, 408 N.E.2d 268; *People v. Brophy* (1981), 96 Ill. App. 3d 936, 422 N.E.2d 158.) Defendant contends in his post-conviction petition that his trial counsel's failure to tender the instruction constitutes ineffective assistance of counsel in violation of his constitutional rights, and that he was denied due process and equal protection of the laws by the trial court's failure to properly instruct the jury on attempted murder and self-defense. The State argues that defendant has waived the error by his failure to raise it on direct appeal.

The State is correct that any claim which could have been presented on direct appeal but was not is thereafter barred under the doctrine of waiver and cannot be raised in a petition for post-conviction relief. (*People v. Del Vecchio* (1989), 129 Ill. 2d 265, 275, 544 N.E.2d 312, 317.) The instructional error in the instant case was apparent of record at the time of defendant's direct appeal and could have been raised at that time. It was not. Consequently, defendant has waived this issue for purposes of post-conviction relief.

■ However, where fundamental fairness so requires, a reviewing court will relax the waiver doctrine in post-conviction proceedings and review the alleged error. (*People v. Owens* (1989), 129 Ill. 2d 303, 317, 544 N.E.2d 276, 281.) The principle of fundamental fairness is not the same as the "plain error" rule which allows reviewing courts on direct appeal to address plain errors affecting substantial rights which were not brought to the attention of the trial court. (*Owens*, 129 Ill. 2d at 316-17, 544 N.E.2d at 281.) A defendant may not seek review of procedurally defaulted claims raised in a post-conviction petition under the plain error rule. (*Owens*, 129 Ill. 2d at 317, 544 N.E.2d at 281.) Instead, to show that collateral review is required by fundamental fairness despite waiver of the error, a post-conviction petitioner must show cognizable "cause" for his failure to raise the error and "actual prejudice" flowing from the error. In order to show actual prejudice, a defendant must show that the error worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions. A defendant can show prejudice only if he shows, not simply that an error in instruction worked to his detriment, but that the result of the proceeding would have been different if the proper instruction had been given. *Owens*, 129 Ill. 2d at 318, 544 N.E.2d at 282.

■ We point out initially that defendant has not offered any "cause" or explanation for his failure to raise this issue on direct appeal. For example, he has not argued the ineffectiveness of his appellate counsel. Furthermore, while we find the instructional error to be clear and defendant's trial counsel's performance deficient in failing to tender the appropriate instruction, looking as a whole at the instructions which were given and the evidence before the jury, we do not think that defendant has shown sufficient prejudice as a result of the error such that fundamental fairness requires our review of the issue.

While the instructions given in the instant case were erroneous in that they failed to include the third proposition in the issues instruction dealing with the State's burden to prove that defendant was not

justified in the force he used, they were not misleading or confusing to the jury, nor did they incorrectly state the law or improperly instruct the jury. The jury was instructed that, in order to sustain the charge of attempted murder, the State must prove that defendant took a substantial step toward commission of the offense of murder which, as defined to the jury, includes as an element that the killing was not justified. The jury was also instructed on the justifiable use of force and the State's general burden to prove all the elements of the offense beyond a reasonable doubt.

Furthermore, this case is not closely balanced factually. While defendant did present some evidence of self-defense, primarily his own testimony, that evidence was far from persuasive or convincing. Defendant testified that the victim was one of defendant's school teachers in junior high. He had never had any problems with the victim. On the evening of the shooting, defendant and the victim were both in the tavern. Defendant said hello to "Mr. Burns." The victim responded, "MF, don't call me Mr. Burns." As defendant was leaving the tavern, he said good bye to "Mr. Burns." The victim responded, "MF, I told you not to call me Mr. Burns." The victim assumed a fighting posture and said, "Do what you want to do." Defendant then punched the victim in the face. As the victim fell back, he began to reach inside his coat. Defendant, who was unarmed, thought the victim was reaching for a weapon and grabbed the victim. The two struggled and a shot went off. They continued to struggle. Finally, defendant pushed the victim to the floor and ran out of the tavern.

The defendant's testimony of a struggle with the victim was countered by the numerous eyewitnesses to the shooting. The victim testified that he had no altercation with defendant prior to the shooting. The first shot fired hit the victim in the back. The victim was shot four times. The victim testified that he was unarmed. The victim denied making the aforementioned remarks to the defendant.

An employee of the tavern testified that she was working the night of the shooting. She saw defendant hit the victim, who fell to the floor. One of the patrons told the defendant to stop. The defendant pushed the patron out of the way, pulled out a pistol and shot the victim. She did not see the defendant take the gun from the victim. She thought he was carrying it himself. She did not see any struggle.

A patron of the tavern testified that he heard no argument between the victim and the defendant. Out of the corner of his eye, he saw someone fall to the floor. He turned and saw the defendant approach the person on the floor. Another patron approached the defendant and told him to stop. The defendant then reached behind

his jacket and pulled out a revolver. He reached around the patron who was trying to stop him and shot at the person on the floor. When the defendant left the bar, he was carrying the revolver.

The owner of the tavern testified that on the night of the shooting she did not hear any argument between the victim and the defendant. She heard the sound of glass breaking and looked to see the victim on the floor. She realized that the victim had been knocked down by the defendant. She saw the defendant hit the victim. She ran out of the tavern. When she saw the defendant leave the tavern, he was carrying a pistol. She never saw the victim with a weapon.

A forensic firearm and toolmark examiner for the Illinois State Police testified that of the eight bullet holes in the victim's clothing, three shots were fired at close range. A close shot is anything under six inches.

A patron of the tavern, who considered himself to be a good friend of defendant, testified that on the evening of the shooting he was in the tavern. He heard a gunshot and upon turning around, saw the defendant with a gun. The victim was kneeling on the floor. The victim was not armed. Defendant then fired again at the victim several times. Defendant left the tavern with the gun in his hand.

Another patron testified that he saw defendant walk up to the victim and take a swing at him. There was a scuffle and then a gunshot. The witness did not see the victim with a weapon, but did see the defendant with one. When the defendant fired the first shot, the victim was already on the ground and the defendant shot down at the victim. The victim was not touching the gun. Defendant left the tavern with the gun.

Another patron testified that the defendant approached the victim and accused him of ignoring him. Defendant then shot the victim. There was no struggle between them and the defendant did not strike the victim.

The surgeon who treated the victim for the gunshot wounds testified that he observed four bullet entrance wounds: in the left groin, the right outer thigh, the left flank or side and in the left upper back near the shoulder blade.

We find that the evidence of guilt is overwhelming and that there is no substantial likelihood that the jury would have reached a different result had it been properly instructed. Thus, defendant has waived the instructional error and because he has failed to show actual prejudice as a result of the error, fundamental fairness does not entitle him to collateral relief. Accordingly, we find that the trial court erred in granting defendant's post-conviction petition and reverse the

order of the circuit court of St. Clair County which granted that petition.

The State has raised other issues on appeal which, in light of our holding herein, we need not address. We therefore decline to do so.

For the foregoing reasons, the judgment of the circuit court of St. Clair County is hereby reversed and defendant's conviction for attempted murder is reinstated.

Reversed.

HOWERTON, J., concurs.

JUSTICE HARRISON, dissenting:

While I agree with the majority that *People v. Reddick* (1988), 123 Ill. 2d 184, 526 N.E.2d 141, is of no assistance in determining whether the jury herein was adequately instructed regarding the elements of the offense of attempted murder and the State's burden of proof with respect to the justifiable use of force, I disagree with the majority's conclusion that *Reddick* fails to establish *any* law which applies to the instant case. In *Reddick*, the Illinois Supreme Court reaffirmed its previous holding that "certain instructions, such as the burden of proof and elements of the offense, are essential to a fair trial and that the failure to give such instructions constitutes grave error when, viewing the record as a whole, it appears that the jury was not apprised of the People's burden of proof." (123 Ill. 2d at 198, 526 N.E.2d at 147.) The *Reddick* court concluded that although one of the defendants had not raised the instructional error at trial, in a posttrial motion or in the direct appeal, where the error was grave, waiver should not preclude this rule from applying to him. (123 Ill. 2d at 198-99, 526 N.E.2d at 146-47.) Therefore, in the case at bar, the trial court's order correctly cited *Reddick* for the proposition that where the jury is not properly instructed on the State's burden to disprove an affirmative defense, grave error occurs such that the doctrine of waiver should not bar consideration of the issue.

Here, as the majority admits, the failure to include the element requiring the State to prove that defendant was not justified in using the force which he used, in the issues instruction for attempted murder, constituted clear instructional error. Therefore, under *Reddick*, defendant need show nothing more in order to establish the viability of the issue for review, despite waiver of the error. Further, in *People v. Flowers* (1990), 138 Ill. 2d 218, 234-35, 561 N.E.2d 674, 680, the Illinois Supreme Court considered a defendant's *Reddick* claim despite

the defendant's failure to specifically raise the issue prior to his post-conviction hearing, agreeing that, as in *Reddick*, the "important principle involved" required its consideration.

Although the court in *Flowers* ultimately determined that the particular instructional error identified in *Reddick* was addressed through the use of a new constitutional rule which could not be applied retroactively on collateral review, this determination was totally separate from the question of whether a grave instructional error of this type is *waived*. Thus, contrary to the majority's view, I do not believe the doctrine of waiver prevents our review of this issue. The trial court properly considered the jury instruction issue on post-conviction review despite defendant's failure to raise the issue in an earlier proceeding.

Nor do I agree with the majority that the instructions given in the instant case, when considered as a whole, sufficiently informed the jury of the State's burden of proof. Modifications to the issues instructions are necessary when an affirmative defense is raised even when an instruction defining the affirmative defense is given—as was the case here:

> " ' "[The drafter of the Illinois Pattern jury instructions] has concluded that the elements or issues of an affirmative defense should be treated in two ways: first, by definition following the definition of the crime with which the defendant is charged ***, and second, in the same instruction with the issues or elements of the crime and the state's burden of proof." (IPI Criminal No. 25.00, Committee Comments, at 435-36 (1968).)' " *People v. Brophy* (1981), 96 Ill. App. 3d 936, 942-43, 422 N.E.2d 158, 164, quoting *People v. Lewis* (1977), 53 Ill. App. 3d 89, 93, 368 N.E.2d 619, 623.

Here, the instruction setting forth the elements of the offense charged against defendant, attempt, erroneously failed to include that the State must prove beyond a reasonable doubt that defendant was acting without lawful justification. Even if the instructions are considered as a whole, this error still remains. Therefore, I would affirm the trial court's vacation of defendant's conviction for attempted murder and would remand the case for a new trial on the charge. See *Brophy*, 96 Ill. App. 3d at 946, 422 N.E.2d at 165-66; *Reddick*, 123 Ill. 2d at 199, 526 N.E.2d at 147.